[Civ. No. 2246.    Second Appellate District.—March 18, 1918.]·

## JULIA C. J. DODGE, Respondent, v. J. F. AVERY, Appellant.

CONTRACT — ASSIGNMENT OF RENTS — PAYMENT OF INDEBTEDNESS— BREACH—INSUFFICIENCY OF EVIDENCE.—In this action for breach of an agreement made between a landlord and one of his creditors, by the terms of which the latter was to collect certain rents and apply a stated sum on his indebtedness, it is *held* that the findings that the defendant interfered with the collection of the rents and that he collected moneys which it was his duty to pay to the plaintiff are unsupported by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Geo. M. Harker, for Appellant.

Ira L. Brunk, and Silas Cobb, for Respondent.

WORKS, J., *pro tem.*—The defendant and one Ira L. Brunk entered into a written agreement in which it was recited that the former, the party of the first part, was indebted to Brunk, the party of the second part, in the sum of one thousand two hundred dollars. The agreement then provided: "In order to secure the . . . payment of said sum of money, the first party hereby sells, assigns, and sets over to the second party . . . an interest in and to that . . . lease made and executed . . . by and between the first party . . . and John H. Strickler . . . wherein the said Strickler becomes obligated to pay . . . the sum of nine thousand dollars

as rent for a certain property, . . . and the first party herein assigns, sells, and sets over to the second party . . . an interest in and to said rents due and to become due . . . under and by virtue of said indenture of lease to the amount of one thousand two hundred dollars, with the understanding that the second party herein shall collect from the lessee . . . the said nine thousand dollars of rent, payable in monthly installments of $150 per month, and shall retain for his own use and benefit, the sum of twenty dollars out of each monthly installment of rent, the said twenty dollars to be applied upon the said sum of one thousand two hundred dollars until the whole of said one thousand two hundred dollars is fully paid.''

The rights of Brunk under this agreement descended to the plaintiff through a chain of several assignments, all of which were accepted by the defendant, and the present action was commenced to recover for an alleged breach of its terms. Let us say at the outset that, while the agreement and the assignments of it may possibly be construed as vesting in the plaintiff the right to maintain an action against the defendant upon the original obligation of the latter to pay Brunk one thousand two hundred dollars, that question does not arise in this action, for the complaint is plainly based upon the agreement as one which lodged in the plaintiff the right to collect the rents and to retain from each monthly collection the sum of twenty dollars until the payment of the full one thousand two hundred dollars was accomplished.

After setting up the agreement and the assignments, the complaint alleges that $180 had been collected on the agreement at the monthly rate of twenty dollars before the assignment to the plaintiff, and that, after that assignment, she collected twenty dollars monthly for a period of twenty-three months, up to and including April 1, 1914, or an added sum of $460. Then occur the following allegations, omitting formal verbiage: ''That thereafter, plaintiff continued to try to collect the rent, . . . but was unable to do so, by reason of the fact . . . that the defendant herein began to interfere with the collection of said rents by this plaintiff, by endeavoring to collect the rents himself, and . . . forbidding the tenant in possession . . . to pay to the plaintiff, any of the rents, . . . and demanding the payment of said rents to himself. . . . That by reason of said interference, this plaintiff

has been unable to collect any rent since the first day of April, 1914, although this plaintiff has endeavored to collect said rents and all of them since said first day of April, 1914." It was also alleged that the defendant had collected some or all of the rents since April 1, 1914. The complaint then proceeds: "That said defendant has not paid to this plaintiff the twenty dollars per month, according to the terms of said agreement . . . or any part thereof, although plaintiff has demanded payment of the same from defendant. . . . That there is now due, owing, and unpaid from said defendant to this plaintiff, upon said written agreement hereinbefore set forth, the sum of $560, being the balance of the amount set forth in said agreement, after the payment of the said $180 and the said $460." These were all the material allegations of the complaint. The answer categorically denied all the allegations we have included within quotation marks, except the allegation as to demand made by plaintiff upon defendant. The allegation the effect of which we have given, without quoting, that defendant had collected some or all of the rents since April 1, 1914, the defendant answered by admitting that he had collected $750 up to and including December 15, 1914, but he denied that he had made the collections under the agreement between him and Brunk, and made certain affirmative allegations as to the terms on which collections had been made.

Judgment went for plaintiff for the full amount prayed for and the defendant appeals.

The court found that all the allegations of the complaint were true. This finding is assailed as not being supported by the evidence and the appellant specifies the particular respects in which it is claimed that the finding lacks support. At the outset of the trial the court, evidently overlooking the denials contained in the answer, announced that the burden of proof was upon the defendant and required him to proceed. The only evidence in the case, therefore, was evidence offered by the defendant, and it shows, without dispute, that the respondent, being about to depart from Los Angeles, where all these questions arose, left a Mrs. Anderson to act for her in her absence in the matter of the rents mentioned in the agreement; that, before she left, she requested the tenant of the property in question to pay only the twenty dollars per month to Mrs. Anderson and to pay the remain-

ing $130 per month to the appellant; that the respondent left Los Angeles in February or March, 1915, and returned in May or June of the same year; that Mrs. Anderson collected twenty dollars per month from the tenant for either one or two months, and that, for the same period, the tenant paid $130 per month direct to the appellant; that from that period forward, for some months, the appellant was paid various amounts by the tenants on account of the rent, but he never again received as much as $130 in any month or for any month, the payments always being from forty dollars to seventy dollars short, each month, of either the $130 or the $150, the evidence not showing which. The evidence fails to show that the respondent ever made any change in her direction to the tenant that he pay over to the appellant $130 per month, or that he pay to Mrs. Anderson only twenty dollars per month. The evidence plainly fails to support the allegation of the complaint to the effect that the appellant interfered to prevent the collection of rents by respondent, and it fails to support the allegation that, in effect, the appellant collected any moneys whatever which it was his duty, under the theory advanced by the complaint, to repay to respondent. We need not mention other specific allegations of the complaint, denied by the answer, which are unsupported by the evidence.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.